16 F.3d 1223
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Tina WEEDEN, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 93-3681.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1994.
 
 1
 Before: GUY and SILER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Tina Weeden appeals a grant of summary judgment in favor of the defendant in this religious discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. Weeden has also filed a motion for oral argument. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The undisputed facts are set forth in the district court's memorandum and order and will not be repeated herein. Suffice it to say that Weeden sued Postmaster General, Anthony M. Frank, alleging that the postal service discriminated against her in violation of Title VII by failing to accommodate her religious beliefs and discharging her from a part-time flexible letter carrier position because she observed Saturday Sabbath. She also alleged that the postal service discriminated against her when it refused to rehire her. On motion for summary judgment, the district court found that the postal service's procedures for reaching religious accommodations were reasonable and that Weeden's refusal to sign the limited waiver of rights rendered an accommodation impossible. The court also held that the postal service was not obligated to make any further attempts at accommodating Weeden's religious beliefs. Lastly, the court dismissed, for lack of subject matter jurisdiction, Weeden's claim that the postal service discriminated against her by refusing to hire her at five different post offices from 1985 to 1990.
 
 
 4
 Upon review, we affirm the grant of summary judgment because there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. See Canderm Pharmacal Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Summary judgment is proper on Weeden's claims that the postal service discriminated against her by refusing to hire her at five different post offices from 1985 to 1990. No Title VII claim may be brought in federal court until the administrative remedies have been exhausted. See Haithcock v. Frank, 958 F.2d 671, 675 (6th Cir.1992); Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir.1991). Since Weeden failed to file EEOC claims relative to the later discriminatory decisions not to hire her, the district court lacked jurisdiction over these claims.
 
 
 6
 Summary judgment is proper on Weeden's religious discrimination claim. Title VII makes it unlawful for an employer to discharge an employee because of the employee's religion. 42 U.S.C. Sec. 2000e-2(a)(1). "The analysis of any religious accommodation case begins with the question of whether the employee has established a prima facie case of religious discrimination." Smith v. Pyro Mining Co., 827 F.2d 1081, 1085 (6th Cir.1987), cert. denied, 485 U.S. 989 (1988). In the present case, Weeden has established a prima facie case of religious discrimination. She is a non-denominational religious practitioner who observes the Saturday Sabbath. In order to properly observe her religious beliefs, Weeden requested, but was never granted, Saturdays off from work. She was ultimately discharged because she failed to work every Saturday, except two, after she asserted her belief. Id.
 
 
 7
 Once a prima facie case is established, "the burden shifts to the employer to prove that it cannot reasonably accommodate the employee without incurring undue hardship." Id. The reasonableness of an employer's attempt at accommodation must be determined on a case-by-case basis. Id.
 
 
 8
 The postal service asserted that Weeden was not willing to cooperate with and follow the procedure by which a religious accommodation could have been established for her. The postal service further claimed that it was obligated to investigate the sincerity of Weeden's beliefs. In order to verify Weeden's sincerity, it was necessary to collect information about whether she was actually exercising her religious beliefs. The postal service, however, could not reasonably accommodate Weeden's requests until she expressly waived her rights under the Privacy Act, 5 U.S.C. Sec. 552a(e)(7). The Privacy Act states that:
 
 
 9
 Each agency that maintains a system of records shall--(7) maintain no record describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity.
 
 
 10
 The procedure used by the postal service was not unreasonable, nor was it unduly burdensome toward Weeden's attempt to have her religious practice accommodated. There was no evidence that the procedure was applied discriminatorily. The postal service credibly stated that such a procedure was necessitated by the fact that many employees wanted the weekends off. Weeden refused to sign the waiver form, arguing instead that the forms did not comply with Privacy Act regulations and violated agency regulations. However, she did not identify any statute or regulation violated by the request for the waiver of rights. "Although the burden is on the employer to accommodate the employee's religious needs, the employee must make some effort to cooperate with an employer's attempt at accommodation." Smith, 827 F.2d at 1085. Where an employee "will not attempt to accommodate his own beliefs through the means already available to him or cooperate with his employer in its conciliatory efforts, he may forego the right to have his beliefs accommodated by his employer." Chrysler Corp. v. Mann, 561 F.2d 1282, 1286 (8th Cir.1977), cert. denied, 434 U.S. 1039 (1978). See also Smith, 827 F.2d at 1085. Because Weeden did not cooperate with the postal service's attempt to accommodate her religious beliefs by waiving her privacy rights, she rendered an accommodation impossible. Therefore, summary judgment was proper.
 
 
 11
 For these reasons, the motion for oral argument is denied, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.